IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DONALD RAY SIMMONS, | § |
| | § |
| VS. | § CIVIL ACTION NO.4:08-CV-442-Y |
| | § |
| RICK THALER, | § |
| Director, T.D.C.J. | § |
| Correctional Institutions Div. | § |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Donald Ray Simmons under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 29, 2009; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 8, 2009.[1]

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied for the reasons stated in the magistrate judge's findings and conclusions, and as set forth herein.

In his written objections to the magistrate judge's report and recommendation that his petition be denied, Simmons contends that the magistrate judge misapplied the 28 U.S.C. § 2254 standards of

---

[1] Although Simmons filed the affidavit of fellow inmate Robert A. Taft relating to another possible extension of time to file the written objections, as Simmons's written objections were filed within the extended period provided by the Court, the affidavit is moot.

review to his *Batson*[2] challenge. The Supreme Court has explained

> Under our *Batson* jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step one), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step two). If a race-neutral explanation is tendered, the trial court must then decide (step three) whether the opponent of the strike has proved purposeful racial discrimination.[3]

But a state court's finding of the absence of discriminatory intent under step three is a pure question of fact.[4] As such, the magistrate judge correctly found that Simmons failed to present clear and convincing evidence implying that the prosecutor's reasons for the strike of an African-American juror were race-based,[5] which would be required to overcome the presumption-of-correctness standard of 28 U.S.C. § 2254(e)(1). The magistrate judge separately determined that the state court's decision on the *Batson* claim

---

[2]*Batson v. Kentucky,* 476 U.S. 79 (1986).

[3]*Purkett v. Elem,* 514 U.S. 765, 767 (1995)(citing *Hernandez v. New York,* 500 U.S. 352, 358-59 (1991)(purality opinion); *id.,* at 375 (O'Connor, J., concurring in judgment); *Batson,* 476 U.S. at 96-98)).

[4]*Miller-El v. Cockrell,* 537 U.S. 322, 339 (2003)(citing *Hernandez,* 500 U.S. at 365).

[5]*See generally Miller-El,* 537 U.S. at 338-39

(As we confirmed in *Purkett v. Elem*, 514 U.S., at 768, 115 S.Ct. 1769, the critical question in determining whether a prisoner has proved purposeful discrimination at step three is the persuasiveness of the prosecutor's justification for his peremptory strike. At this stage, "implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination." Ibid. In that instance the issue comes down to whether the trial court finds the prosecutor's race-neutral explanations to be credible. Credibility can be measured by, among other factors, the prosecutor's demeanor; by how reasonable, or how improbable, the explanations are; and by whether the proffered rationale has some basis in accepted trial strategy.)

itself was not unreasonable in light of the evidence presented, under the standard of 28 U.S.C. § 2254(d)(2). Thus, Simmons's *Batson* objection is overruled for this additional reason.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED. Donald Ray Simmons's petition for writ of habeas corpus is DENIED.

SIGNED September 18, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE